J-S28007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN JAMES HARDWICK | : | |
| | : | |
| Appellant | : | No. 1225 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 15, 2022
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000485-2015

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: December 28, 2023**

Ryan James Hardwick appeals from the judgment of sentence entered on September 15, 2022, challenging the $15,000 fine imposed. Hardwick specifically contends that there is no evidence of record to support his ability to pay the fine. After careful consideration, we are constrained to agree and therefore vacate the fine.

In 2016, Hardwick pled guilty to first-degree murder and related offenses. Hardwick was sentenced to sixty years to life imprisonment and a $25,000 fine on the first-degree murder conviction. On direct appeal, a panel of this Court vacated the judgment of sentence and remanded for Hardwick to be resentenced pursuant to case law regarding *de facto* life without parole sentences imposed on juvenile homicide offenders. ***See Commonwealth v.***

_____

[*] Former Justice specially assigned to the Superior Court.

***Hardwick***, 1719 WDA 2016 (Pa. Super. filed April 3, 2018) (unpublished memorandum). Hardwick was resentenced to a term of forty years to life imprisonment and a $25,000 fine on the first-degree murder conviction.

On appeal from the re-sentencing, a panel of this Court affirmed the sentence as to the term of imprisonment but vacated the fine, finding that the trial court did not properly consider Hardwick's ability to pay. ***See Commonwealth v. Hardwick***, 399 WDA 2021 (Pa. Super. filed June 3, 2022) (unpublished memorandum). The panel specifically found that there was "no record evidence of Hardwick's ability to pay" the fine. ***Id.*** at *4 (emphasis omitted).

On remand, the trial court held a hearing on Hardwick's ability to pay. At the beginning of the hearing, the Commonwealth declined to present any testimony. ***See*** N.T., Resentencing, 9/9/2022, at 4. The Commonwealth did object to defense counsel's suggestion that the fine be set at $1,000. ***See id.*** at 6. The Commonwealth then declined to present any evidence other than a statement from the victim's mother. ***See id.*** at 6-7.[1] At the close of the

_____

[1] Later in the hearing, after resting, the Commonwealth sought to enter an exhibit that contained the probation office's records regarding payments Hardwick had made towards the balance of the fine. ***See*** N.T., Resentencing, 9/9/2022, at 18. The trial court did not explicitly admit the exhibit, and the exhibit is not part of the certified record on appeal. ***See Commonwealth v. Holston***, 211 A.3d 1264, 1275 (Pa. Super. 2019) (*en banc*) ("The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal." (citation omitted)). Further, the trial court stated that it would not consider the information contained in the exhibit when assessing
*(Footnote Continued Next Page)*

hearing, the trial court amended the fine to $15,000. *See* Order, 9/15/22 at ¶ 1.1. Hardwick filed this timely appeal, in which he argues that the $15,000 fine was illegal and an abuse of discretion. *See* Appellant's Brief at 5.

We begin our analysis by reiterating that a prior panel of this Court found that the record contained no evidence of Hardwick's ability to pay and therefore remanded the case to allow the Commonwealth an opportunity to supplement the record. As noted above, the Commonwealth declined to supplement the record on this issue until after it had already rested. And its sole attempt to supplement the record was not admitted into evidence at the hearing. Finally, we note that the Commonwealth has failed to support the fine imposed by failing to file a brief in this appeal. *See* Letter, 5/25/2023 (noting that "the Commonwealth has elected not to file a responsive brief" and that "[t]he Commonwealth is satisfied to rely on the information that has been made part of the record in this case[.]")

As the current record contains no new evidence of Hardwick's ability to pay, we are constrained to conclude that there is still no evidence of record concerning Hardwick's ability to pay the fine. *See Commonwealth v. Gacobano*, 65 A.3d 416, 420 (Pa. Super. 2013) ("[W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling[.]"). While the trial court attempted to address the deficiency in the

_____

Hardwick's ability to pay since it was not clear the exhibit had any relevance to the issue. *See* N.T., Resentencing, 9/9/2022, at 19.

record by reducing the fine, that alone is insufficient to satisfy the requirement that the record must demonstrate Hardwick's ability to pay the fine. ***See Commonwealth v. Allshouse***, 924 A.2d 1215, 1227-28 (Pa. Super. 2007) (remanding for hearing on $100 fine), *affirmed on other grounds*, 985 A.2d 847 (Pa. 2009), *vacated and remanded on other grounds*, ***Allshouse v. Pennsylvania***, 562 U.S. 1267 (2011). We therefore vacate the fine imposed. As this was the only issue on appeal, all other aspects of the judgment of sentence remain intact.

Fine vacated. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/28/2023